## Case No. 1,449.

BISSELL et al. v. JEFFERSONVILLE.

[16 Leg. Int. (1859) 110;[1] 6 Pittsb. Leg. J. 411; 3 Wkly. Law Gaz. 279.]

Circuit Court, D. Indiana.[2]

RAILROAD COMPANIES—CORPORATION— MUNICIPAL SUBSCRIPTION—RAILROAD BONDS—ESTOPPEL.

1. In 1854 the common council of the city of Jeffersonville, Indiana, subscribed $200,000 of stock in the Fort Wayne and Southern R. R. Co. It turned out that they had no power under their charter to make such a subscription. At the suggestion of R. R. Co. the common council applied to the legislature for power to ratify the subscription. In 1855 the legislature, by a general law, authorized all cities "which had made any such subscription, upon the petition of three-fourths of the legal voters of the city, to ratify and confirm such subscription." The common council passed an order ratifying this subscription—reciting on their minutes that three-fourths of the legal voters had thus petitioned. Before the bonds in controversy, however, were issued, a large number of the citizens (said to be more than one-fourth of the whole voters) filed before the board a remonstrance against the issue of any bonds, on the grounds that the necessary number of voters had not signed the petition. From the minutes it appeared that such remonstrance was filed, but neither the names of petitioners or remonstrants were set out on the minutes of the coun-

[1] [Reprinted by Albert Brunner, Esq., and here reprinted by permission.]

[1] [Reprinted from 16 Leg. Int. 110, by permission.]

[2] [Reversed by supreme court in Bissell v. City of Jeffersonville, 24 How. (65 U. S.) 287.]

cil. The council issued the bonds, $200,000, and delivered them to the Railroad Co., whose officers were cognizant of all that occurred. Some of the bonds were transferred to Bissell & Co. for money advanced to the company, and this suit was upon the coupons attached, and the defence was that the common council had no power to ratify the original subscription of stock, as it was made upon the petition of less than three-fourths of the legal voters of the city. Other grounds were urged by the defendants, such as alleged fraud and collusion between the common council and the railroad company, but the court *held*: That the common council had no power originally, to make the subscription, that the act authorizing the ratification was a special power, and must be strictly executed according to the terms af the act.

2. That they had power to ratify no subscription made except upon the petition of three-fourths of the legal voters.

3. That whether such number had petitioned or not was a question of fact which might be inquired into.

4. That the recital on the minutes of the board did not conclude anybody; they were prima facie only and might be denied.

5. That the minutes of their proceedings were not records in the sense of records of a court of law, which imply absolute verity, and concluded nobody.

6. That the enabling act of the legislature, was a public act and was notice to the world, and hence, although the bonds were transferred to third parties, they could not be said to be innocent holders without notice.

7. That the recitals of the board of common council if false rendered the bonds void.

8. That a corporation is not estopped from denying its power to execute a contract.

9. That a special power granted by the legislature to an individual or to a corporation to do a certain act, must be executed strictly in the mode, and upon the terms prescribed in the act.

10. That the defendant could by testimony show the fact that no voters, or less than the number required by the act had signed the petition, notwithstanding the minutes of the board had recited the fact otherwise, and that being done, the plaintiff could not recover.
[See note at end of case.]

[At law. Action by George B. Bissell, David T. Robinson, and Calvin Day against the city of Jeffersonville upon coupons of bonds made and issued by the city of Jeffersonville to the Fort Wayne & Southern Railroad Company. Judgment for defendant.]

[Before HUNTINGTON, District Judge.]

[The opinion is not now accessible, and does not appear to have been anywhere reported in full.]

[NOTE. Reversed by the supreme court on writ of error in 24 How. (65 U. S.) 287, on the ground, with others, that the recital in the bonds that three-fourths of the legal voters of the defendant city had petitioned for their issuance could not be controverted by parol evidence; that the record of the resolution ratifying and confirming the contract, and the recital in the bonds furnished conclusive evidence that the common council readjudicated the question as to whether or not the requisite number of legal voters had signed the petition; and that the corporation was estopped to set up its own conduct to defeat the claims of persons who had relied upon its representations.]